# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 16, 2019

Lyle W. Cayce
Clerk

No. 18-20618
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DEANDRE BENDARD SANTEE,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-516-4

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Deandre Bendard Santee challenges the sentence imposed following his guilty-plea conviction for aiding and abetting an armed bank robbery, in violation of 18 U.S.C. § 2113(a), 18 U.S.C. § 2113(d), and 18 U.S.C. § 2. In claiming the district court erred in overruling his objection that he should have received a mitigating-role adjustment, under Guideline § 3B1.2, he contends he was simply a lookout, lacked knowledge of the robbery's scope and structure

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

before his arrival at the target credit union, and did not help plan or organize the robbery.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Whether defendant is a minor or minimal participant under Guideline § 3B1.2, described below, is a factual question. *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016) (citation omitted). A finding that is plausible in the light of the whole record is not clearly erroneous. *Id.* (citation omitted).

Guideline § 3B1.2 allows, *inter alia*, a four-offense-level reduction if the court finds defendant's role in the offense was "minimal"; if defendant's role was "minor", it provides a two-offense-level reduction. U.S.S.G. § 3B1.2. Defendant must show an entitlement to these reductions, *United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016) (citation omitted), and defendant's culpability is reviewed relative to co-defendants'. *United States v. Bello-Sanchez*, 872 F.3d 260, 264 (5th Cir. 2017). Reduction is unwarranted, however, simply because defendant "does less than other participants". *United States v. Villanueva*, 408 F.3d 193, 204 (5th Cir. 2005) (citation omitted). "[T]o qualify as a minor participant, a defendant must have been peripheral to the advancement of the illicit activity". *Id.* (citation omitted).

No. 18-20618

Santee was recorded while meeting with co-defendants the morning of the robbery. He drove one of the four automobiles in which the group traveled to the credit union. Co-defendants and he reconnoitered the area during the hour preceding the robbery. His cellular telephone records established he was on a conference call with all co-defendants during their travel to the credit union and throughout the robbery. During the robbery, he remained in his automobile as a lookout, as did other co-defendants; following the robbery, he drove one co-defendant away. In the light of all co-defendants' actions, the evidence shows he was more than a peripheral participant in the offense. Therefore, the court did not clearly err in denying a mitigating-role reduction.

AFFIRMED.